UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| FREDRICK TUCKER, | ) | |
| | ) | Case No. 3:24-cv-19 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Jill E. McCook |
| WARDEN ELLER, UNIT MANAGER COX, C/O BRADLEY, and C/O JOHN DOE, | ) ) ) | |
| *Defendants*. | | |

**MEMORANDUM AND ORDER**

Plaintiff, a Tennessee Department of Correction ("TDOC") prisoner, filed a pro se complaint for violation of 42 U.S.C. § 1983 arising out of a number of incidents during his confinement (Doc. 1). For the reasons set forth below, Plaintiff will have **fifteen (15) days** from the date of entry of this order to file an amended complaint in the manner set forth below.

**I. SCREENING STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, dismiss claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial

PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. But courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**II.    ALLEGATIONS**

Plaintiff first lists claims alleging retaliation, "deprivation of safety and security," "conspiracy to commit civil rights violations," "violation of the Fourteenth Amendment," unsafe conditions of confinement in violation of the Eighth Amendment, and imminent danger (Doc. 1, at 4, 6). Plaintiff then lists the injuries he suffered (*id.* at 8) and his demands for compensatory damages and injunctive relief (*id.* at 9).

Plaintiff also labels several pages of his complaint "Statement of the Claim(s)" (*id.* at 10–13). In these pages, Plaintiff first contends that after he properly utilized the grievance procedure, Defendants Warden Eller and Unit Manager Cox retaliated against him (*id.* at 10).

Plaintiff then claims that his grievances demonstrate that Defendant Warden Eller, Defendant Unit Manager Cox, and the Assistant Commissioner of Prisons were aware of threats to Plaintiff from "numerous affil[]iations" (*id.* at 10). But Plaintiff states that he was nevertheless housed with inmates that had life sentences and/or were gang members, even

though these inmates "represented" groups that had threatened him (*id.* at 10–11). Plaintiff further asserts that he spoke to numerous prison officials about his need for protective services, but those prison officials retaliated against him, disciplined him, and/or failed to follow their own regulations (*id.* at 110. Plaintiff seeks to hold Defendant Warden Eller and Unit Manager Cox liable for this claim (*id.*).

Plaintiff next states that he filed grievances indicating that Defendant Unit Manager Cox was aware of certain conditions of his confinement, specifically mildew and mold, and the resulting effects of these conditions on Plaintiff's breathing issues, but this Defendant did nothing (*id.* at 12).

Additionally, Plaintiff avers that, over the course of several weeks, he told "any inmate who inquired . . . to 'LAWYER UP,'" and that this seemed to anger Defendant Unit Manager Cox (*id.*). Plaintiff then claims that this led to Defendants Bradley and Doe having conversations about Plaintiff's "very serious charges/convictions" in front of his cellmate in a manner that "seemed specifically designed to anger and infuriate Plaintiff's cellmate, which it did" (*id.*). The next day, Plaintiff's cellmate of four and a half months violently attacked him and injured his eye (*id.* at 13).

Plaintiff further states that Grievance Chairperson Worley never processed any of his grievances about these incidents (*id.*).

### III. ANALYSIS

First, Plaintiff does not set forth any facts to support his allegation that Defendants Warden Eller and Unit Manager Cox retaliated against him for his grievances. As such, this allegation is conclusory and fails to state a plausible claim for retaliation. *Iqbal*, 556 U.S. at

3

678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, this claim is **DISMISSED**.

Next, Plaintiff's allegations that Defendants Warden Eller and Unit Manager Cox were aware of his grievances regarding housing issues but did not remedy those complaints fail to allow the Court to plausibly infer that these Defendants were personally involved in the decision of where to house Plaintiff, such that they could be liable for that decision under § 1983. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and failure to respond to or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983). Accordingly, this claim is **DISMISSED**.

Likewise, while Plaintiff seeks to hold Defendants Warden Eller and Unit Manager Cox liable for his allegations that he requested protective services from a number of unspecified prison officials but no one granted this request and some individuals instead subjected him to retaliation and/or discipline, he does not set forth any facts from which the Court can plausibly infer that either of these Defendants was personally involved in these events, and these Defendants cannot be held liable for this claim under § 1983 based solely on their supervisory positions. *Frazier*, 41 F. App'x at 764*; Iqbal*, 556 U.S. at 676 (noting that "our precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"). Accordingly, this claim is **DISMISSED**.

4

Case 3:24-cv-00019-TRM-JEM     Document 9     Filed 11/20/24     Page 4 of 8     PageID #: 45

Also, Plaintiff's assertions that his act of telling other inmates to get a lawyer seemed to anger Defendant Unit Manager Cox and this anger led to Defendants Bradley and Doe having conversations about Plaintiff's "very serious charges/convictions" in front of his cellmate, after which his cellmate attacked him, fail to state a plausible § 1983 retaliation claim. A retaliation claim requires Plaintiff to show three things: (1) he "engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)).

Plaintiff's complaint does not set forth any facts that allow the Court to plausibly infer a causal link between Defendant Unit Manager Cox's anger about Plaintiff telling other inmates to get a lawyer and Defendants Bradley and Doe's conversation about his charges. As such, his assertion that this conversation was retaliation for his protected conduct is conclusory and fails to state a cognizable § 1983 claim, and it is **DISMISSED**.

Additionally, Plaintiff does not set forth any specific facts to support his general assertion that Defendants engaged in a conspiracy regarding the incidents underlying his claims. *Gutierrez v. Lynch,* 826 F.2d 1534, 1538–39 (6th Cir. 1987) (providing that conspiracy claims must be pled with some degree of specificity and "vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim"). As such, this claim is **DISMISSED**.

<tr>5</tr>

Also, to the extent that Plaintiff seeks relief under §1983 for his assertion that the Grievance Chairperson did not process his grievances, this allegation does not state a claim upon which relief may be granted under § 1983, as Plaintiff does not have a constitutional right to an effective grievance procedure. *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (providing that a prisoner has "no inherent constitutional right to an effective prison grievance procedure"). As such, this claim is **DISMISSED**.

Accordingly, liberally construing the complaint in Plaintiff's favor, only Plaintiff's claims that (1) Defendant Unit Manager Cox was aware of certain conditions of his confinement, specifically mildew and mold, and the resulting effects of these conditions on Plaintiff's breathing issues, but this Defendant did nothing; and (2) Defendants Bradley and Doe had conversations about Plaintiff's "very serious charges/convictions" in front of Plaintiff's cellmate, who then violently attacked Plaintiff the next day, remain in this action. The Court finds that these allegations state plausible claims for violation of § 1983. However, these claims are not properly joined in this action under Rule 20(a)(2).

Specifically, while a plaintiff may join as many claims as he has against an opposing party under Rule 18(a) of the Federal Rules of Civil Procedure, Rule 20(a)(2) allows a plaintiff to sue multiple defendants only where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, Rule 20 does not permit plaintiffs to join unrelated claims against different defendants in one lawsuit. *See*, *e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C

6

punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"); *Smith v. Lavender*, No. 2:22-CV-1875, 2022 WL 4121929, at *6 (S.D. Ohio, Sept. 9, 2022) (severing unrelated claims a prisoner plaintiff filed in the same complaint against different defendants) (citations omitted); *White v. Newcomb*, 2022 WL 2763305, at *4–5 (W.D. Mich. July 15, 2022) (providing that a plaintiff cannot join claims against multiple defendants in one lawsuit "'unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact'" (quoting *Proctor v Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) and collecting cases standing for the proposition that prisoners cannot join unrelated claims against different defendants in a single lawsuit).

Accordingly, Plaintiff **SHALL** have **fifteen (15) days** from the date of entry of this order to file an amended complaint stating whether he intends to proceed with either (1) his claim that Defendant Unit Manager Cox was aware of various conditions of his confinement, including mildew and mold, and the resulting effects of these conditions on Plaintiff's breathing issues, but this Defendant did nothing; **OR** (2) his claim that Defendants Bradley and Doe had conversations about Plaintiff's "very serious charges/convictions" in front of his cellmate, and Plaintiff's cellmate then violently attacked him the next day. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Plaintiff is **NOTIFIED** that if he includes claims that are not properly joined under Rule 20(a)(2) and Rule 18(a) in the amended complaint he files, the Court will presume that Plaintiff intends to proceed as to his first listed claim, and the Court will summarily **DISMISS** any misjoined claim(s) without prejudice.

## IV. CONCLUSION

For the reasons set forth above:

1. All of Plaintiff's claims except his claims that (1) Defendant Unit Manager Cox was aware of certain conditions of his confinement, specifically mildew and mold, and the resulting effects of these conditions on Plaintiff's breathing issues, but this Defendant did nothing; and (2) Defendants Bradley and Doe had conversations about Plaintiff's "very serious charges/convictions" in front of Plaintiff's cellmate, who then violently attacked Plaintiff the next day, are **DISMISSED**;

2. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

3. Plaintiff has **fifteen (15) days** from the date of entry of this order to file an amended complaint in the manner set forth above;

4. Plaintiff is **NOTIFIED** that any amended complaint he files will completely replace his previous complaint [Doc. 1];

5. Plaintiff is **NOTIFIED** that if he includes claims that are not properly joined under Rule 20(a)(2) and Rule 18(a) in the amended complaint he files, the Court will presume that Plaintiff intends to proceed as to his first listed claim and those claims that are properly joined with that first claim, and the Court will summarily **DISMISS** any misjoined claims without prejudice;

6. Plaintiff is **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and failure to follow the orders of this Court without further notice; and

7. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**