UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| FREDRICK TUCKER, | ) | |
|---|---|---|
| | ) | Case No. 3:24-cv-19 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Jill E. McCook |
| WARDEN ELLER, UNIT MANAGER COX, and C/O BEREEZNY, | ) ) | |
| | ) | |
| *Defendants*. | | |

# MEMORANDUM AND ORDER

The Court previously entered an order screening Plaintiff's first complaint, dismissing various claims, and allowing Plaintiff to file an amended complaint [Doc. 9 p. 1–8]. Plaintiff then filed, among other things, a motion to amend his complaint that includes numerous factual allegations [Doc. 12], an amended complaint [Doc. 13], and a motion requesting that the Court reconsider its dismissal of his retaliation claims from his original complaint [Doc. 14]. Plaintiff's motion to amend his complaint [Doc. 12] is **GRANTED** to the extent that the Court will screen the allegations in this motion [*Id.*] and his amended complaint [Doc. 13] under the Prison Litigation Reform Act ("PLRA") after addressing his motion for reconsideration [Doc. 14].

## I. MOTION FOR RECONSIDERATION

In his motion for reconsideration, Plaintiff seeks to challenge the Court's dismissal of his retaliation claims against Defendants Eller and Cox in his original complaint, asserting that the dismissal was based on an inaccurate view of the facts, rather than an impartial view of his

complaint [*Id.* at 1–2¹].  While the Federal Rules of Civil Procedure do not expressly contemplate motions for reconsideration, district courts may "reconsider interlocutory orders and to reopen any part of a case before entry of final judgment" under Rule 54(b) of the Federal Rules of Civil Procedure.  *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004).  District courts generally only reconsider interlocutory orders based on "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice."  *Id.* (citation omitted).  However, "such motions are not a means by which to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier."  *Equal Emp. Opportunity Comm'n v. HP Pelzer Auto. Sys., Inc.*, No. 1:17-CV-31-TAV-CHS, 2018 WL 6574772, at *2 (E.D. Tenn. Dec. 13, 2018) (internal quotation marks and citation omitted).

Plaintiff does not argue any intervening change of controlling law or the availability of new evidence.  Thus, the Court could only reconsider its dismissal of the retaliation claims to correct a clear error or prevent manifest injustice.  But after reviewing Plaintiff's original complaint, the Court still finds that Plaintiff's retaliation allegations in his original complaint were conclusory [Doc. 1 p. 10 (asserting in relevant part that Plaintiff utilized the grievance procedure and "was repeatedly retaliated against/reprisals for refusing to stop filing grievances")].  Accordingly, the Court finds no clear error or manifest injustice in its dismissal of the retaliation claims from the original complaint, and Plaintiff's motion for reconsideration [Doc. 14] is **DENIED**.

---

¹ Plaintiff also requests to withdraw any consent to the Magistrate Judge [*Id.* at 2].  But as Plaintiff has not consented to the Magistrate Judge, the Court does not address this request.

2

Case 3:24-cv-00019-TRM-JEM    Document 16    Filed 08/29/25    Page 2 of 8    PageID #: 83

## II. AMENDED COMPLAINT SCREEENING

### A. Standard

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, dismiss claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. But courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Allegations

In his motion to amend his complaint, which the Court liberally construes as part of his amended complaint, Plaintiff states that he engaged in protected activity under the First Amendment by filing grievances about cruel and unusual punishment and the conditions of his confinement [Doc. 12 p. 3–4]. Plaintiff then asserts that Defendant Cox took adverse action

3

against him, in support of which he appears to allege that when he first came to the Northeast Correctional Complex, he sought protective custody ("PC"), received what was supposed to be a PC hearing but was actually a reclassification hearing, and then had to file a grievance to have certain facts placed in his file [*Id.* at 4]. Plaintiff then states that he was ultimately placed in PC but "may have been safer on the compound" [*Id.* at 4–5].

Plaintiff also claims that despite talking to multiple prison officials, including Defendant Cox, he was not given protection but instead "subjected to retaliation and presented with unjustifiable disciplinaries, where paperwork was fabricated and falsified" [*Id.* at 5]. Plaintiff further asserts that despite his PC hearing, prison officials disregarded a duty of care and failed to follow regulations, and that the denial of his grievances demonstrates deliberate indifference to a serious risk of harm to him in violation of the Eighth Amendment [*Id.*].

Plaintiff additionally alleges that he told Defendant Cox about threats to him from certain groups and filed grievances about these threats, and that Defendant Cox understood that his actions violated Plaintiff's right to safety [*Id.*]. Plaintiff then (1) asserts that he was "preventably [sic] injured" due to Defendant Cox's failure to follow policies and procedures, and (2) states that despite his grievances, he was housed with gang members and inmates who had life sentences, and that all of his cellmates have been part of groups who represented a threat to him, despite his conversations with Defendant Cox and responses to grievances indicating that Defendants Cox and Eller and others were aware of threats made to Plaintiff by "threat groups" [*Id.* at 6–7].

Plaintiff also claims that Defendant Eller is also liable for his housing claims because (1) as warden, he is responsible "for the custody, welfare, and safekeeping" of prisoners, and (2) Plaintiff appealed his grievances [*Id.* at 7]. Plaintiff further states that he could present evidence

4

of a substantial risk of inmate attacks on "certain groups," such that Defendant Eller had notice of the risk [*Id.* at 7–8]. Plaintiff concludes that Defendants Cox and Eller "exacerbated a complete disregard to protect Plaintiff from a substantial risk of serious injury," which caused Plaintiff preventable injury [*Id.* at 8].

Plaintiff further alleges that he filed grievances notifying Defendant Cox of issues with the conditions of his confinement, including black mold and mildewed clothes, as well as Plaintiff's associated health issues, but "Defendant Cox did absolutely nothing" [*Id.*]. Plaintiff then states that he told inmates to "lawyer up" when they complained about similar issues, and that this seemed to anger Defendant Cox, who told a warden on a walk-through with other wardens that Plaintiff was the prisoner that Defendant Cox had told the warden about [*Id.* at 9].

Plaintiff additionally claims that Defendant Bereezny was deliberately indifferent to a substantial risk of harm to him by discussing his charges, for which Plaintiff refers to himself as a "sexual predator," in front of Plaintiff's cellmate, with whom Plaintiff states he was not compatible under the Prison Rape Elimination Act, and that the cellmate attacked Plaintiff the next day [*Id.* at 10].

Also, in his amended complaint, Plaintiff reiterates that he sought protection from threats of attack and relief from the conditions of his confinement through grievances naming Defendant Eller and Cox, but Defendants disregarded policy, knowingly subjected Plaintiff to cruel and unusual punishment and unsafe conditions of confinement, and retaliated against him for him filing grievances regarding these issues [Doc. 13 p. 4–5].

    **C.**    **Analysis**

First, Plaintiff does not set forth any facts to support his allegation that Defendants Eller and Cox retaliated against him for protected conduct. Specifically, although Plaintiff (1) makes

5

Case 3:24-cv-00019-TRM-JEM Document 16 Filed 08/29/25 Page 5 of 8 PageID #: 86

allegations regarding his placement on PC that he appears to assert are related to retaliation and (2) states that he filed grievances regarding his housing and the conditions of his confinement and that he then was subjected to discipline, Plaintiff provides no facts to support a plausible inference that Defendant Warden Eller or Unit Manager Cox was involved in his PC housing or discipline, or that his protected conduct motivated his PC placement or discipline. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (providing that a retaliation claim requires Plaintiff to show: (1) he "engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct."). Accordingly, Plaintiff's retaliation claims are **DISMISSED**.

Next, even if the Court assumes that Defendants Warden Eller and Unit Manager Cox were aware of Plaintiff's grievances and complaints about threats to his safety but did not remedy those complaints, Plaintiff does not provide any facts about the alleged threats from which the Court can plausibly infer that Defendants knew the threats represented a substantial risk of harm to Plaintiff and disregarded that risk. *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020) (providing that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment," and that such a claim requires the prisoner to show "that he is incarcerated under conditions posing a substantial risk of serious harm" that the Defendant was aware of and disregarded) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832, 834, 837 (1994)). While Plaintiff alleges that he was housed with inmates who had life

6

Case 3:24-cv-00019-TRM-JEM    Document 16    Filed 08/29/25    Page 6 of 8    PageID #: 87

sentences and were gang members, this is not uncommon in prison, and Plaintiff provides no facts to support his assertion that any Defendant had knowledge that any inmates posed a substantial risk of harm to him. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, this claim is **DISMISSED**.

Also, Plaintiff's allegations that he filed grievances with Defendant Cox regarding mold, mildew, and his resulting health issues, but that Defendant Cox did not do anything in response to these grievances, also fail to plausibly allege a claim for violation of § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and failure to respond to or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983).

Moreover, Plaintiff's allegations that he told other prisoners to retain lawyers, which angered Defendant Cox, and that Defendant Cox therefore referred to Plaintiff while speaking to a warden during a walkthrough do not allow the Court to plausibly infer any violation of Plaintiff's constitutional rights. Thus, any claims based on these allegations are therefore **DISMISSED**.

However, Plaintiff's claim that Defendant Bereezny spoke about Plaintiff's charges, for which Plaintiff refers to himself as "a sexual predator," in front of Plaintiff's cellmate and that Plaintiff's cellmate assaulted him the next day allows the Court to plausibly infer that Defendant Bereezny may have violated Plaintiff's Eighth Amendment rights. As such, only this claim will proceed herein.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for reconsideration [Doc. 14] is **DENIED**;

2. Plaintiff's motion to amend his complaint [Doc. 12] is **GRANTED** to the extent that the Clerk is **DIRECTED** to file that motion [*Id.*] and the amended complaint [Doc. 13] together as an amended complaint in a new docket entry, and this will be the operative complaint in this case;

3. Only Plaintiff's Eighth Amendment claim against Defendant Bereezny will proceed herein, and all other claims and Defendants are **DISMISSED**;

4. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Bereezny;

5. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty (20) days of entry of this order. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4. Service on Defendant Bereezny shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

6. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packet, this action will be dismissed without further notice. Defendant Bereezny shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant Bereezny fails to timely respond to the complaint, it may result in entry of judgment by default against him; and

7. Plaintiff is **ORDERED** to immediately inform the Court and Defendant Bereezny or his counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**