UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| FREDRICK TUCKER, | ) | |
|---|---|---|
| | ) | Case No. 3:24-cv-19 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Jill E. McCook |
| C/O BEREEZNY | ) | |
| | ) | |
| *Defendant*. | ) | |

**MEMORANDUM & ORDER**

Plaintiff, a prisoner of the Tennessee Department of Correction housed in the Northeast Correctional Complex ("NECX"), filed this action for violation of 42 U.S.C. § 1983 that proceeded only as to his claim that Defendant Bereezny discussed Plaintiff's charges in front of Plaintiff's cellmate, who assaulted him the next day. (*See* Doc. 16, at 7.) Now before the Court is Plaintiff's motion for a preliminary injunction against former Defendants whom Plaintiff claims have retaliated against him for filing this lawsuit. (Doc. 15.) Because Plaintiff has not shown that he is entitled to the requested injunction, this motion (*id.*) will be **DENIED**.

In his motion for injunctive relief, which the Court liberally construes as a motion for a temporary restraining order ("TRO"),[1] Plaintiff first states that former Defendant "Cox has

---

[1] While Plaintiff labels this motion as a request for a preliminary injunction (*see* Doc. 15), a preliminary injunction requires notice to the adverse party, while the purpose of a TRO is to preserve the status quo until an adversarial hearing may be held for a preliminary injunction. Fed. R. Civ. P. 65(b)(3); *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974). Thus, as Plaintiff filed his motion for injunctive relief prior to service of process on any Defendant, the Court construes it as a motion for a TRO. Fed. R. Civ. P. 65(a), (b). But the Court notes that the factors to be considered in determining whether a TRO or preliminary injunction should issue are the same. *See, e.g.*, *Workman v. Bredesen*, 486 F.3d 896, 904–05 (6th Cir. 2007).

consistently sought to provoke, antagonize, bully, and intimidate [] Plaintiff due to pending litigation (without justification or provocation) in the above-styled case." (*Id.* at 1.) Plaintiff further claims that in the previous six months, he "endured many acts of indiscretion in part by" former Defendant Cox, and that the last such act included a threat. (*Id.*) Specifically, Plaintiff states that on May 27, 2025, former Defendant Cox did an inspection of Plaintiff's cell. (*Id.* at 2.) During this inspection, former Defendant Cox twice told Plaintiff to remove his cellmate's television from the television stand. (*Id.*) But Plaintiff refused these two orders, at which point former Defendant Cox stated, "I'll deal with you later." (*Id.*) Plaintiff states that former Defendant Cox does not have the authority to order an inmate to touch another inmate's property, and that this incident and other unspecified incidents occurred due to this litigation. (*Id.*) Plaintiff further states that while the grievance board agreed with Plaintiff, "[W]ardens Andrews and Eller stated Plaintiff 'should have received a disciplinary for refusal of a direct order.'" (*Id.*) Plaintiff therefore requests an injunction preventing former Defendants Cox and Eller and Warden Andrews from retaliating against him, and he specifically requests that this injunction prevent him from being removed from NECX "for any unwarranted or unjustified acts." (*Id.* at 3.)

In determining whether to grant a request for preliminary injunctive relief, courts balance four factors: "(1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citations omitted). Injunctive relief is "an extraordinary remedy never awarded as of right." *See Winter v. Nat'l Res. Def. Council, Inc.*,

555 U.S. 7, 24 (2008). Such relief "should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet*, 305 F.3d at 573 (citations omitted).

First, the record does not suggest that Plaintiff has a strong likelihood of success on the merits in this action. Instead, Plaintiff's ability to prove that he is entitled to relief under § 1983 in this action is speculative at this time.

As to the second factor, Plaintiff has not established that he will suffer any irreparable injury without the requested TRO. While Plaintiff claims that prison officials have retaliated against him for filing this lawsuit, the facts he has set forth in support that assertion do not plausibly suggest that any retaliation occurred, much less support a finding that Plaintiff will suffer irreparable injury without injunctive relief.

Specifically, a § 1983 retaliation claim requires Plaintiff to plausibly allege that: (1) he "engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (citations omitted). "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)).

As set forth above, in the only incident set forth in Plaintiff's motion for injunctive relief, Plaintiff acknowledges that he refused to comply with two direct orders from former Defendant Cox based on his apparent belief that former Defendant Cox lacked the authority to make those

orders. (*Id.* at 2.) After these refusals, former Defendant Cox told Plaintiff, "I'll deal with you later." (*Id.*) Notably, Plaintiff does not allege that former Defendant Cox took any other action against him due to this incident, even though other prison officials later stated that Plaintiff should have been written up for refusing direct orders. (*Id.*)

Plaintiff's allegation that this incident amounts to retaliation due to him filing this lawsuit is implausible at best, as: (1) no facts suggest that the cell inspection was motivated by Plaintiff filing this lawsuit; (2) the facts strongly suggest that Plaintiff's refusals of former Defendant Cox's direct orders during the cell inspection—not his act of filing this lawsuit—prompted the relevant statements from prison officials that Plaintiff categorizes as retaliation; (3) the facts also suggest that Plaintiff's refusals of direct orders violated prison policy and therefore were not protected conduct, *see Thaddeus*, 175 F.3d at 394 (explaining "if a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct,' and cannot proceed beyond step one" of the three-step retaliation claim analysis); and (4) no facts suggest that Defendant Cox's ambiguous comment that he "would deal" with Plaintiff later after Plaintiff twice refused his direct orders would prevent a typical prisoner from engaging in any protected behavior—especially as Plaintiff does not allege Defendant Cox took any action against him after this incident—even though other officials stated that Plaintiff should have been subjected to discipline for his refusals of direct orders. Moreover, while Plaintiff asserts that he has been subjected to other allegedly retaliatory incidents due to this lawsuit, he provides no facts about these incidents or any other facts suggesting he will incur an irreparable injury without the requested injunction.

As to the third factor, nothing in the record suggests that granting Plaintiff the requested TRO would cause substantial harm to others.

4

Case 3:24-cv-00019-TRM-JEM    Document 30    Filed 03/05/26    Page 4 of 5    PageID #: 312

As to the fourth factor, district court intervention in prison operations without a compelling reason is against public policy. *Glover v. Johnson*, 855 F.2d 277, 285–87 (6th Cir. 1988) (setting forth public policy concerns regarding court interference with jail administration and instructing that courts should not "attempt to administer any portion of a state correctional system program except in the most compelling situations"). Plaintiff has not set forth a compelling reason for the Court to grant him the requested TRO.

Accordingly, Plaintiff's motion for injunctive relief (Doc. 15) is **DENIED**. Also, Plaintiff is **ORDERED** to immediately inform the Court and Defendant or his counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**